UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| ROBERT JACOB KESTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 6:19-cv-298-JMH |
| v. | ) | |
| | ) | |
| J.A. BARNHART, Warden, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Jacob Kester is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Kester filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. The Respondent then filed a response to Kester's petition [DE 10], and Kester has filed a reply brief [DEs 12, 13]. Thus, this matter is ripe for a decision from this Court. For the reasons set forth below, the Court will deny Kester's petition.

In 2012, a federal grand jury indicted Kester, charging him with being a felon in possession of a firearm. *See United States v. Robert Kester*, No. 3:12-cr-022, at DE 1 (S.D. Ind. 2012). Kester eventually pled guilty to the charge, and the United States District Court for the Southern District of Indiana sentenced him to 109 months and 21 days in prison. *See id.* at DEs 22, 31. The court later amended its judgment to make it clear that its sentence was to run concurrent with a sentence imposed in state court. *See*

*id.* at DE 38 at 2. Kester did not appeal, and he did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That said, Kester has filed multiple motions asking the Southern District of Indiana to further amend his sentence, and some of those motions remain pending. *See id.* at DEs 41 and 42 (denied); DEs 51 and 54 (pending).

Nevertheless, Kester has now filed a § 2241 petition with this Court. [DE 1]. As an initial matter, Kester's arguments regarding his sentence are very difficult to follow. [*See id.*]. That said, Kester repeatedly cites § 5G1.3 of the United States Sentencing Guidelines and claims that the Southern District of Indiana's sentence runs afoul of that provision. [*Id.*]. Indeed, at one point, Kester summarizes his claims by discussing § 5G1.3 and saying, "Errors were made during my sentencing. I can't get my District Court to see and correct these errors. So now I ask this Court to please help me." [DE 1-1 at 13].

Kester's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions

2

taken by prison officials that affect the way the prisoner's sentence is being carried out. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Kester cannot use a § 2241 petition as a way of challenging the sentence imposed by the Southern District of Indiana.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law shows that his sentence was improperly enhanced. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Kester has not made such a showing. Instead, Kester claims that the Southern District of Indiana ran afoul of U.S.S.G. § 5G1.3 when it imposed his sentence. However, the Sixth Circuit has clearly stated that a prisoner cannot raise this type of claim in a § 2241 petition "because the claim constitutes a challenge to the imposition of his sentence, and not the execution of his sentence." *Apotosky v. Merlak*, No. 17-3283, 2018 WL 1449535, *3 (6th Cir. Jan. 2, 2018). In short, as the Sixth Circuit has said, "§ 2255, not § 2241, is the proper vehicle by which [the prisoner] should raise his § 5G1.3 claim." *Id.*

Accordingly, it is **ORDERED** that:

(1) Kester's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

(2) All pending motions are **DENIED** as moot;

(3) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4) A corresponding Judgment will be entered this date.

This 2nd day of March, 2020.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge